UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

---

Northfield Telecommunications, Inc.
d/b/a Advanced Wireless
Communications,

      Plaintiff,

v.

ProClip USA, LLC,

      Defendant.

Case No. _____

**COMPLAINT**
**[JURY TRIAL DEMANDED]**

---

As and for its Complaint against Defendant ProClip USA, LLC ("ProClip"),

Plaintiff Northfield Telecommunications, Inc. d/b/a Advanced Wireless

Communications ("Advanced Wireless") states and alleges as follows:

### INTRODUCTION

1.     This is an action for breach of contract, breach of the covenant of good

faith and fair dealing, declaratory judgment, and unjust enrichment for ProClip's

unlawful circumvention of its agreement with Advanced Wireless. Advanced

Wireless has a royalty agreement, effective January 1, 2025, with ProClip whereby

ProClip must pay Advanced Wireless a royalty fee for a specific vehicle mount

ProClip sells to O'Reilly Auto Parts (the "Royalty Agreement"). ProClip has

illegally and wrongfully attempted to circumvent the Royalty Agreement by

entering a separate agreement with another company. The separate agreement

1

allows ProClip to sell the vehicle mounts to the other company that then resells the vehicle mounts to O'Reilly Auto Parts. By creating that arrangement, ProClip avoids selling vehicle mounts to O'Reilly Auto Parts directly and claims that it does not owe a royalty payment to Advanced Wireless. ProClip is incorrect that such arrangement allows ProClip to avoid its obligations under the Royalty Agreement. Regardless of whether ProClip sells directly to O'Reilly Auto Parts or indirectly through a reseller, it still owes Advanced Wireless a royalty fee.

## THE PARTIES

2.      Plaintiff Northfield Telecommunications, Inc. d/b/a Advanced Wireless Communications is a corporation that is incorporated in the state of Minnesota and has its principal place of business at 20809 Kensington Blvd., Lakeville, Minnesota 55044.

3.      Upon information and belief and investigation on the Wisconsin Secretary of State website, Defendant ProClip USA, LLC is a limited liability company formed under the laws of Wisconsin and has its principal place of business at 4915 Voges Rd., Madison, Wisconsin 53718.

4.      The Wisconsin Secretary of State website does not list the members of ProClip USA, LLC and nor were members listed in documents obtained from the Secretary of State, but upon information and belief, no member of ProClip USA, LLC is a citizen of Minnesota.

## VENUE AND JURISDICTION

5.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a) as there is complete diversity of citizenship between Advanced Wireless and ProClip, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

6.      This Court also has subject matter jurisdiction pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, because an immediate and substantial controversy exists between the parties.

7.      This Court has personal jurisdiction over ProClip because it is a Wisconsin citizen located in the Western District of Wisconsin.

8.      This Court is the appropriate venue for this dispute pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claims occurred in this district. Venue is also proper in this judicial district under 28 U.S.C. § 1391(b)(3) because ProClip is subject to personal jurisdiction in this district. Finally, the parties have also consented to the jurisdiction and venue of the state and federal courts located in Dane County, Wisconsin through Section 10 of the Royalty Agreement.

## FACTUAL BACKGROUND

9.      Advanced Wireless and ProClip entered into the Royalty Agreement, effective January 1, 2025.

10. The Royalty Agreement concerns custom-fit vehicle dashboard mounts (the "Vehicle Mounts") for O'Reilly Auto Parts' Vehicle Refresh program.

11. The Royalty Agreement anticipates that O'Reilly Auto Parts would initially purchase a specified number of Vehicle Mounts from ProClip, followed by additional purchases annually over a three-year cycle.

12. Under the Royalty Agreement, ProClip is required to pay Advanced Wireless a specific royalty fee for each Vehicle Mount purchased by, shipped to, and paid for by O'Reilly Auto Parts as part of the O'Reilly Vehicle Refresh program.

13. No royalty is earned for other types of mounts or for parts and accessories sold by ProClip to O'Reilly Auto Parts.

14. The Royalty Agreement requires ProClip to provide Advanced Wireless with a monthly sales report by the tenth day of each month, indicating the number of Vehicle Mounts ordered by, purchased by, shipped to, and paid for by O'Reilly Auto Parts during the previous month.

15. Within ten days of receiving the sales report, Advanced Wireless is to send an invoice to ProClip for payment of the royalty fee as determined by the sales report.

16. ProClip is required to pay any undisputed invoice within sixty days of the date the invoice was received.

4

17.     The Royalty Agreement allows for early termination if one party is in material breach and fails to remedy the breach within thirty days after receipt of written notice from the non-breaching party, and the remedy is acceptable to the non-breaching party.

18.     The Royalty Agreement also allows for early termination upon ten days' written notice if the other party experiences certain insolvency or dissolution events.

19.     The Royalty Agreement may be terminated by mutual written agreement of both parties.

20.     On January 6, 2026, ProClip sent Advanced Wireless an email stating that ProClip was terminating the Royalty Agreement effective immediately, citing Section 3(a) of the Agreement.

21.     ProClip's email purported to terminate the Royalty Agreement on the basis of an alleged material breach under Section 3(a), but Advanced Wireless did not breach the Royalty Agreement and there are no other grounds for ProClip to legally terminate the Royalty Agreement.

22.     ProClip's email stated that Advanced Wireless no longer had a relationship with O'Reilly Auto Parts as it related to selling Vehicle Mounts in connection with the O'Reilly Vehicle Refresh Program.

23.    ProClip's email stated that at the end of May 2025, O'Reilly Auto Parts informed ProClip that direct sales of Vehicle Mounts to O'Reilly Auto Parts should cease and instead sales should be directed to O'Reilly Auto Parts' preferred reseller (the "O'Reilly Reseller.")

24.    Advanced Wireless has demanded that ProClip continue to make royalty payments as required by the Royalty Agreement.

25.    Advanced Wireless has demanded that ProClip provide sales reports for the period from May 2025 to the present, regardless of whether sales of Vehicle Mounts were made directly to O'Reilly Auto Parts or the O'Reilly Reseller.

26.    Advanced Wireless has demanded that ProClip continue to provide monthly sales reports consistent with the Royalty Agreement until the term ends or the Agreement is properly terminated.

27.    ProClip has not provided the requested sales reports for the period from May 2025 to the present.

28.    ProClip has not detailed the circumstances for why or how the relationship with O'Reilly Auto Parts allegedly ended.

29.    ProClip has not detailed the circumstances of how the new agreement with the O'Reilly Reseller was reached or how that agreement works.

30.    ProClip's relationship with the O'Reilly Reseller appears to be just as a "middleman" for ProClip to engage in a bad faith circumvention of the Royalty Agreement.

31.    Upon information and belief, the agreement between ProClip and the O'Reilly Reseller and the agreement between the O'Reilly Reseller and O'Reilly Auto Parts achieves the same result as the Royalty Agreement, except that ProClip now sells through the O'Reilly Reseller rather than directly to O'Reilly Auto Parts, and ProClip claims it no longer needs to pay Advanced Wireless for the royalty the parties bargained for.

32.    Upon information and belief, ProClip has set up this arrangement in bad faith to avoid paying the royalties rightfully owed to Advanced Wireless.

## COUNT I
### Breach of Contract

33.    Advanced Wireless restates and incorporates by reference all preceding allegations as though fully stated herein.

34.    A valid and binding contract exists between Advanced Wireless and ProClip, specifically the Royalty Agreement, which sets forth the parties' respective rights and obligations regarding royalty payments, sales reporting, and term and termination provisions.

35.    Advanced Wireless has performed all of its obligations under the Royalty Agreement and has not materially breached the Royalty Agreement.

7

36.    ProClip breached the Royalty Agreement by purporting to terminate the Agreement without a valid contractual basis, failing to pay required royalties, and failing to provide required sales reports.

37.    As a result of ProClip's breach, Advanced Wireless has suffered damages in an amount to be determined at trial but in an amount anticipated to be greater than $75,000 based upon past sales under the Royalty Agreement.

## COUNT II
### Breach of the Implied Covenant of Good Faith and Fair Dealing

38.    Advanced Wireless restates and incorporates by reference all preceding allegations as though fully stated herein.

39.    A valid contractual relationship exists between Advanced Wireless and ProClip under the Royalty Agreement.

40.    ProClip breached the implied covenant of good faith and fair dealing by evading the spirit of the Royalty Agreement, including by purporting to terminate the Royalty Agreement on grounds not permitted by its terms and by failing to cooperate in providing required royalty payments and sales reports, thereby depriving Advanced Wireless of the benefits reasonably expected under the Royalty Agreement.

41.    ProClip further breached the implied covenant of good faith and fair dealing by continuing to sell to O'Reilly Auto Parts through a "middleman" and thereby circumventing the contract.

42. As a result of ProClip's breach of the implied covenant of good faith and fair dealing, Advanced Wireless has suffered damages in an amount to be determined at trial but in an amount anticipated to be greater than $75,000 based upon past sales under the Royalty Agreement.

## COUNT III
### Declaratory Judgment

43. Advanced Wireless restates and incorporates by reference all preceding allegations as though fully stated herein.

44. Advanced Wireless is the proper party to bring an action for declaratory relief.

45. There is an actual, ripe, and immediate controversy between Advanced Wireless and ProClip regarding whether ProClip may circumvent the terms of the Royalty Agreement by selling Vehicle Mounts to the O'Reilly Reseller rather than directly to O'Reilly Auto Parts.

46. Under 28 U.S.C. § 2201, an actual case or controversy exists because ProClip's wrongful actions have prevented and will continue to prevent Advanced Wireless from obtaining the fruits of the bargain of the Royalty Agreement.

47. Advanced Wireless seeks a judgment from this Court declaring that:

    a. ProClip has no grounds to terminate the Royalty Agreement;

b.   ProClip's sales of Vehicle Mounts to the O'Reilly Reseller that ultimately are sold to O'Reilly Auto Parts are Vehicle Mounts contemplated by the Royalty Agreement;

c.   ProClip must continue to provide sales reports for any Vehicle Mounts it sells to the O'Reilly Reseller;

d.   ProClip must continue to make royalty payments consistent with the Royalty Agreement for any Vehicle Mounts it sells to the O'Reilly Reseller.

## COUNT IV
### Unjust Enrichment

48.   Advanced Wireless restates and incorporates by reference all preceding allegations as though fully stated herein.

49.   This claim is brought in the alternative to contract based claims if this Court deems the Royalty Agreement does not apply.

50.   Advanced Wireless conferred a benefit on ProClip by facilitating ProClip's ability to sell the Vehicle Mounts to O'Reilly Auto Parts and/or the O'Reilly Reseller, for which ProClip was obligated to pay royalties.

51.   ProClip had knowledge of and appreciated the benefit conferred by Advanced Wireless, as evidenced by the ongoing business relationship and ProClip's receipt of sales proceeds from O'Reilly Auto Parts-related transactions.

52.    ProClip's retention of the benefit conferred by Advanced Wireless without payment of the agreed royalties would be inequitable under the circumstances.

**WHEREFORE**, Plaintiff Advanced Wireless respectfully requests this Court enter judgment in its favor and against Defendant ProClip as follows:

1.    Declaring that ProClip breached the Royalty Agreement;

2.    Declaring that ProClip breached the implied covenant of good faith and fair dealing in relation to the Royalty Agreement;

3.    Require ProClip specifically perform its obligations under the Royalty Agreement, including but not limited to providing all required sales reports for Vehicle Mounts, including for sales to the O'Reilly Reseller, for the period from May 2025 to the present and continuing to provide monthly sales reports until the Royalty Agreement's term ends or is properly terminated;

4.    Direct ProClip to pay all outstanding royalty fees earned by Advanced Wireless up to the date of expiration or termination of the Royalty Agreement, in an amount to be determined at trial;

5.    A money judgment against Defendant in an amount exceeding $75,000, with the amount to be proven at trial, including but not limited to all unpaid royalties owed to date under the Royalty Agreement and any other

11

damages resulting from ProClip's breach of contract and breach of the implied covenant of good faith and fair dealing;

6. Order an accounting by ProClip of all sales of Vehicle Mounts to O'Reilly Auto Parts and/or the O'Reilly Reseller for the period covered by the Royalty Agreement, including all information necessary to determine the royalties owed to Advanced Wireless;

7. Award Advanced Wireless restitution or disgorgement of all amounts by which ProClip has been unjustly enriched at the expense of Advanced Wireless, in an amount to be determined at trial;

8. Awarding Advanced Wireless pre- and post-judgment interest as allowed by law;

9. Award Advanced Wireless its costs of suit, including reasonable attorneys' fees to the extent permitted by law or contract; and

10. Granting such other and further relief as the court deems just and equitable.

## JURY TRIAL DEMAND

Advanced Wireless demands a jury trial on any and all claims or issues in this matter so triable.

**SAUL EWING LLP**

Dated: March 27, 2026        By:  *s/Courtland C. Merrill*
                                                          Courtland C. Merrill (WI #1075944)
Douglas D. Anderson (MN #0402494)
(seeking admission)
33 South Sixth Street, Suite 4750
Minneapolis, MN 55402
(612) 225-2800
courtland.merrill@saul.com
douglas.anderson@saul.com

*Attorneys for Plaintiff*
*Northfield Telecommunications, Inc. d/b/a*
*Advanced Wireless Communications*